## Webb, Suing for, &c. v. Howard, County Judge, et al.

(Decided January 9, 1923.)

### Appeal from Clay Circuit Court.

1. Counties—Creation of Bond Issue—Roads and Bridges.—The county court need not, in calling an election on a bond issue for

road and bridge purposes, fix the time of the maturity of the proposed bonds.

2. Counties—Petition for Election on Road Bond Issue.—The petition of freeholders and legal voters required to be filed in the county court before an election on a road bond issue can be called, need not lie over longer than the first regular term of the court, although that term may come immediately after the filing thereof.

A. B. HAMPTON and J. C. CLOYD for appellant.

A. D. HALL for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—
Affirming.

This proceeding instituted in the Clay circuit court by appellant Webb, as a citizen and taxpayer, suing for himself and all other citizens and taxpayers of Clay county to obtain an injunction against the appellees prohibiting the Clay fiscal court and its members from issuing, or causing to be issued, and from selling and causing to be sold, $200,000.00 of road and bridge bonds, voted by the people of that county April 28, 1919, was by that court dismissed after a general demurrer had been sustained to the petition and appellant Webb had declined to further plead, and this appeal results.

The petition which was held defective averred, among other things, that the election at which the bonds were voted was void because the county court did not have before it at the time of the calling of the election to vote the bonds a sufficiently definite petition of voters and freeholders to support the judgment, and said court failed to properly call and cause said election to be held. The particular defect relied upon as rendering the freeholders' petition too indefinite and insufficient to support the judgment of the county court calling the election is its failure to fix the time of maturity of the proposed bonds. According to the statutes, section 4307, providing for such elections and the issual of bonds by counties, these obligations of the county are redeemable at the pleasure of the fiscal court at any time after five years and within thirty years from their date. Jurisdiction is therefore conferred upon the fiscal court to fix the time the bonds shall run, and it was not necessary for the county court in calling the election to name the time when the bonds would mature and be redeemed.

It is also insisted that the election was void because it was called by the county court before the petition had been filed by the legal voters in that court as much as ten days, but this position is also utterly untenable. The statute provides that the county court "shall at the regular term thereof, after receiving said petition," make an order calling the election. It was not necessary for the petition to lie over after it was filed longer than the next regular term of the county court before the court acted upon it and called the election. It therefore appears that the requirements of the statutes were properly followed in calling and holding the said election to vote the bonds, and that the election was accordingly carried in favor of the bonds. It follows that the Clay fiscal court may, in accordance with the statutes, section 4307, etc., issue and sell the bonds for the purposes for which the voters and freeholders voted the same.

The judgment is therefore affirmed.

Judgment affirmed.